IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICKEY L. MCGEE (Dallas Cty. Jail Bookin No. 16052901), | § § § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:17-cv-2255-D-BN |
| IRVING POLICE DEPARTMENT, ET AL., | § § § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This *pro se* action under 42 U.S.C. § 1983, filed by a detainee at the Dallas County Jail (the "Jail"), has been referred to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sidney A. Fitzwater. The undersigned enters the following findings of fact, conclusions of law, and recommendation that the Court should stay and administratively close this action.

**Applicable Background**

Plaintiff Rickey L. McGee is detained at the Jail, indicted for possession of a firearm by a felon and twice for aggravated robbery; all three state indictments are enhanced based on McGee's 1997 retaliation conviction and his 2010 aggravated-assault conviction. *See State v. McGee*, Nos. F16-58550, -34511, & -34499 (Crim. Dist. Ct. No. 1, Dallas Cty., Tex.). McGee is represented by counsel in these ongoing state-

criminal prosecutions.

Through this *pro se* civil rights action, McGee sues (1) an Irving police officer – an affiant in the ongoing aggravated-robbery proceedings – claiming that the officer "used suggestive procedures in order to obtain [an] arrest warrant"; (2) the Irving police department for "fail[ing] to conduct an unbiased investigation"; (3) Dallas County District Attorney Faith Johnson for holding him "against his will despite asserting right to speedy trial"; (4) Dallas County Sheriff Lupe Valdez for "continu[ing] to keep [him] housed in [the Jail]"; and (5) the Jail – because it is the "placed where [McGee] is held against will" due to "excessive bond." Dkt. No. 3 at 3.

**Legal Standards and Analysis**

Under *Younger v. Harris*, 401 U.S. 37 (1971), a federal court should abstain from exercising its jurisdiction when to do so would result in the interference in certain, select state proceedings. That is, *Younger* abstention "applies only to 'three "exceptional" categories' of state proceedings: ongoing criminal prosecutions, certain civil enforcement proceedings akin to criminal prosecutions, and 'pending "civil proceedings involving certain orders ... uniquely in furtherance of the state courts' ability to perform their judicial functions."'" *Google, Inc. v. Hood*, 822 F.3d 212, 222 (5th Cir. 2016) (quoting *Sprint Commc'ns, Inc. v. Jacobs*, ___ U.S. ____, 134 S. Ct. 584, 588, 591 (2013) (in turn quoting *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 368 (1989))).

As to *Younger*'s application to ongoing criminal prosecutions, this Court should abstain except in the most extraordinary circumstances and on a clear showing of both

great and immediate harm. *See Burgett v. State of Texas,* No. 7:04-cv-227-R, 2005 WL 473680, at *1 (N.D. Tex. Feb. 28, 2005) (collecting cases); *see also Younger,* 401 U.S. at 43-45. The requirement that a plaintiff prove "extraordinary circumstances" to obtain federal relief is grounded in the principals of comity and federalism. *Younger*, 401 U.S. at 44. Those principles inspired the policy of preventing federal courts from issuing injunctions or declaratory judgments while state court proceedings were ongoing. *See Kolski v. Watkins,* 544 F.2d 762, 766 (5th Cir. 1977).

The *Younger* doctrine requires that federal courts decline to exercise jurisdiction over a state criminal defendant's claims when three conditions are met: "(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges." *Bice v. La. Pub. Defender Bd.,* 677 F.3d 712, 716 (5th Cir. 2012) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982); internal citations omitted); *accord Hood*, 822 F.3d at 222-23.

All prerequisites for abstention under *Younger* are met here. There are ongoing state judicial criminal proceedings. "The state has a strong interest in enforcing its criminal laws." *DeSpain v. Johnston,* 731 F.2d 1171, 1176 (5th Cir. 1984); *see also Nobby Lobby, Inc. v. City of Dallas,* 970 F.2d 82, 85 (5th Cir. 1992) (explaining that, "under *Younger* and its companion cases, a federal district court must abstain from exercising jurisdiction over a suit when state criminal proceedings are currently pending against the federal plaintiff" (citing *Younger*, 401 U.S. at 41)). And McGee has

full opportunity to raise constitutional challenges in the ongoing state prosecutions, on direct appeal in the event of a conviction(s), or through a state habeas writ challenging his detention or conviction. *See DeSpain,* 731 F.2d at 1176; *see also Kugler v. Helfant*, 421 U.S. 117, 124 (1975) ("ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights").

While all three conditions of *Younger* are met in this matter, this Court may refuse to abstain if an exception applies. But no exception applies here. The Court should therefore abstain from jurisdiction over McGee's claims. *Cf. McCullough v. Crawford*, C.A. No. 2:09-2631-RBH, 2009 WL 4110316, at *4 (D.S.C. Nov. 25, 2009) ("Plaintiff should be able to vindicate his federal constitutional rights during his State criminal proceeding by presenting his evidence and argument that he was not resisting arrest, did not assault a police officer, and that the defendants created false charges against him to cover up their wrongful excessive force. Therefore, *Younger* abstention is appropriate in this case." (citation omitted)).

Faced with the choice, under *Younger*, of staying or dismissing without prejudice, it appears the better course is to stay. *See Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013) ("[B]ecause his claims may become time-barred by the time the state prosecution has concluded, the district court should have stayed rather than dismissed Gakuba's civil-rights claims." (citations omitted)); *accord Esquibel v. Brian Williamson*, 421 F. App'x 813, 816 (10th Cir. 2010); *Rhoden v. Mayberg,* 361 F. App'x 895, 896 (9th Cir. 2010) (mem.).

Further, to the extent that McGee seek damages, "*Younger* is not applicable to

claims for damages." *Boyd*, 575 F. App'x at 519 (citing *Lewis v. Beddingfield*, 20 F.3d 123, 125 (5th Cir. 1994)); *accord Jones v. Prescott*, ___ F. App'x ___, No. 16-31117, 2017 WL 2983025, at *3 (5th Cir. July 12, 2017) (per curiam) ("The abstention doctrine in *Younger* does not apply to a federal suit seeking only damages." (citing *Alexander v. Ieyoub*, 62 F.3d 709, 713 (5th Cir. 1995))).

Nevertheless, "a court should stay proceedings in a § 1983 case brought by a [criminal defendant awaiting trial] until the related pending criminal case is resolved." *Gross v. Normand*, 576 F. App'x 318, 319 (5th Cir. 2014) (per curiam) (citing *Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995)); *see Mackey*, 47 F.3d at 746 ("At this point[– post-arrest but pre-conviction –]it is simply premature to determine whether or not Mackey's damage claims are barred under *Heck[ v. Humphrey*, 512 U.S. 477 (1994)]. Accordingly, the district court erred in dismissing the claims on the basis of *Heck*. The court may – indeed should – stay proceedings in the section 1983 case until the pending criminal case has run its course, as until that time it may be difficult to determine the relation, if any, between the two.").

**Recommendation**

The Court should stay and administratively close this case and instruct McGee (1) to file a motion to reopen the case within 60 days after entry of judgment in the applicable state criminal court case and (2) that the failure to do so will result in the dismissal without prejudice of this case for failure to prosecute and/or comply with a Court order under Federal Rule of Civil Procedure 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all

parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 28, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE