IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICKEY L. MCGEE, <br> TDCJ No. 2173658, <br><br> Plaintiff, <br><br> V. <br><br> IRVING POLICE DEPARTMENT, <br> ET AL., <br><br> Defendants. | § § § § § § § § § § § § | No. 3:17-cv-2255-D-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

Plaintiff Rickey L. McGee, now a Texas prisoner, filed this *pro se* civil rights action in 2017 against an Irving police officer, an affiant in then-ongoing aggravated-robbery proceedings, claiming that the officer "used suggestive procedures in order to obtain [an] arrest warrant"; the Irving police department, for "fail[ing] to conduct an unbiased investigation"; then-Dallas County District Attorney Faith Johnson, for holding McGee "against his will despite asserting right to speedy trial"; then-Dallas County Sheriff Lupe Valdez for "continu[ing] to keep [him] housed in [the Dallas County jail]"; and the jail itself, because it is the "place[] where [McGee] is held against will" due to "excessive bond." Dkt. No. 3.

Senior United States District Judge Sidney A. Fitzwater referred McGee's lawsuit to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference.

At the time that McGee filed this lawsuit, he was detained at the Dallas County

jail, after being indicted for possession of a firearm by a felon and for aggravated robbery (two counts), and all three state indictments were enhanced based on McGee's 1997 retaliation conviction and his 2010 aggravated-assault conviction. *See State v. McGee*, Nos. F16-58550, -34499, -34511 (Crim. Dist. Ct. No. 1, Dall. Cnty., Tex.); *see also Basic Capital Mgmt., Inc. v. Dynex Capital, Inc.*, 976 F.3d 585, 589 (5th Cir. 2020) (Federal Rule of Evidence 201(d) "expressly provides that a court 'may take judicial notice at *any* stage of the proceeding.'"); *Stiel v. Heritage Numismatic Auctions, Inc.*, 816 F. App'x 888, 892 (5th Cir. 2020) (per curiam) (under that rule, a district court may "take judicial notice of the state court's orders, final judgment, and docket as matters of public record attached to the motion to dismiss" (citations omitted)).

Considering the pendency of the state criminal proceedings, the Court stayed and administratively closed this action under *Younger v. Harris*, 401 U.S. 37 (1971), on October 30, 2017. *See* Dkt. Nos. 6, 7, 8.

McGee was then convicted of two counts of aggravated robbery and sentenced to 60 years of imprisonment. *See State v. McGee*, Nos. F16-34499, -34511 (Crim. Dist. Ct. No. 1, Dall. Cnty., Tex. Nov. 27, 2017), *aff'd as modified*, Nos. 05-18-00473-CR, 05-18-00474-CR, 2019 WL 2366465 (Tex. App. – Dallas June 5, 2019, pet. ref'd). And McGee has failed to successfully challenge either conviction through habeas proceedings in state or federal court. *See Ex parte McGee*, WR-87,949-06, -07 (Tex. Crim. App. Mar. 11, 2020); *McGee v. Dir., TDCJ-CID*, No. 3:20-cv-1415-X-BN, 2022 WL 392900 (N.D. Tex. Feb. 9, 2022), *C.O.A. denied*, No. 22-10188, 2022 WL 18935854

(5th Cir. Sept. 8, 2022).

Despite this lack of success, McGee moved to re-open this civil proceeding in 2022. *See* Dkt. No. 12. The Court granted his motion and ordered McGee to answer certain interrogatories provided by the Court by September 30, 2022, to determine whether his civil claims are currently barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *See* Dkt. No. 13. McGee failed to provide responses as ordered, and the undersigned now enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this lawsuit.

"A complaint fails to state a claim where it demands relief barred by *Heck v. Humphrey*." *Ray v. Recovery Healthcare Corp.*, No. 22-10303, 2022 WL 16945898, at *2 (5th Cir. Nov. 15, 2022) (per curiam) (citing *Crittindon v. LeBlanc*, 37 F.4th 177, 190 (5th Cir. 2022)).

"In *Heck*, the Supreme Court held that if a plaintiff's civil rights claim for damages challenges the validity of his criminal conviction or sentence, and the plaintiff cannot show that such conviction or sentence has been reversed, invalidated, or otherwise set aside, the claim is not cognizable under § 1983." *Magee v. Reed*, 912 F.3d 820, 822 (5th Cir. 2019) (per curiam) (citing *Heck*, 512 U.S. at 486-87).

"That is because 'civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments.'" *Ray*, 2022 WL 16945898, at *2 (quoting *Colvin v. LeBlanc*, 2 F.4th 494, 498 (5th Cir. 2021) (quoting, in turn, *Heck*, 512 U.S. at 486)). Put differently, "*Heck* does not allow a civil rights lawsuit to be an alternative vehicle to a criminal case for challenging law enforcement decisions that

resulted in arrest or prosecution unless the criminal case was resolved 'in favor of the accused.'" *Morris v. Mekdessie*, 768 F. App'x 299, 301 (5th Cir. 2019) (cleaned up; quoting *Heck*, 512 U.S. at 484).

As McGee fails to show that the criminal convictions that underlie his civil claims have been reversed, invalidated, or otherwise set aside, the civil claims are currently subject to the rule in *Heck* and thus not cognizable. And the Court should dismiss McGee's claims without prejudice, as a *Heck* "dismissal 'does not preclude a later claim meeting the preconditions for suit.' That is, a *Heck* dismissal is a dismissal without prejudice." *Cook v. City of Tyler, Tex.*, 974 F.3d 537, 539 (5th Cir. 2020) (per curiam) (cleaned up; quoting *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996); citing *Clarke v. Stalder*, 154 F.3d 186, 191 (5th Cir. 1998) (en banc)).

## Recommendation

The Court should dismiss this action without prejudice, as Plaintiff Rickey L. McGee's civil claims are currently subject to the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 11, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE